## AS TO DAMAGES RESULTING FROM VACATION OF STREET.

Circuit Court of Cuyahoga County.

Charles O. Anderson et al v. The City of Cleveland and The N. Y. C. & St. L. Railroad Company.*

Decided, January 20, 1907.

*Roads and Streets—Property Owner Has No Claim for Compensation for Vacation of Street. When.*

A property owner on a street or alley, a portion of which other than that on which he abuts is vacated by the city council, has no right to compensation where he has reasonable access to his property by other streets and alleys, although the distance he may have to travel in some directions may be greater than before the vacation.

*C. W. Toland* and *P. H. Kaiser,* for plaintiffs in error.
*N. D. Baker* and *John H. Clarke,* contra.

Henry, J.; Marvin, J., and Winch, J., concur.

The parties stand related here as they stood in the court below. Plaintiff owns a parcel of real estate at the southeast corner of Landon street and the right-of-way of the New York, Chicago & St. Louis Railroad Company. Detroit avenue a short distance north of this property forms with said street and right-of-way a small triangle. By reason of a separation of the grades of said avenue and said railroad at their intersection, pursuant to an agreement to that end entered into between the said railroad and the city of Cleveland, the railroad track at this point has been lowered; that part of Landon street between the railroad and Detroit avenue has been vacated, and in lieu of the vacated portion of this street an extension of Landon street has been opened up to Detroit avenue, south of and parallel with the railroad's right-of-way. The grade of this extension is upward from a point near plaintiff's premises to the level of De-

---

*Affirmed without opinion; *Anderson* v. *City of Cleveland.* 79 Ohio State, 451.

troit avenue.  The distance to be traveled between plaintiff's property and the point of former intersection between Landon street and Detroit avenue has thus been increased, but no change has been made in the part of Landon street on which plaintiff's property abuts.  Upon this state of facts plaintiff sued to recover damages sustained by him in consequence of the impaired access to and from his premises.  It is not complained that the grade of Landon street extension is impracticable, and any difficulty in travel by the new route instead of by the vacated portion of Landon street may be presumed, except as to the extra distance, to be offset by the elimination of the hazards of the former grade crossing on Landon street.

We think the court below was right in holding that the rule of The Kinnear Mfg. Co. et al v. Beatty, 65 Ohio State, 264, precludes recovery on this state of facts.  The second paragraph of the syllabus in that case is as follows:

"A property owner on a street or alley, a portion of which other than the part on which he abuts, is vacated by the city council, has no right to enjoin the obstruction of the vacated portion by the owners to whom it reverted, where he has reasonable access to h's property by other streets and alleys, although the distance he may have to travel in some directions may be greater than before the vacation.  To entitle a party to any relief in such cases, the inconvenience he suffers must differ in kind from that of the general public, and not only in degree."

It is said, however, that the facts in that case were such that the injunction prayed for should have been denied in any event, because they disclosed that plaintiff's access to her property was not appreciably impaired but was in fact bettered by the changes complained of.  But we think the rule as expressed in the syllabus of the case is controlling and that the plaintiff in this case, as in that, is not entitled to any relief, because no legal injury arises in such case, unless the inconvenience suffered is different in kind and not merely in degree from that of the general public.

It is complained of further in this case that the lowering of the grade of the railroad tracks alongside of plaintiff's property to a depth of less than nine feet has deprived plaintiff of the lateral support naturally appertaining to his land, whereby the

buildings thereon have been rendered less secure and the ground itself has crumbled away.   So far, however, as the mere crumbling of the ground is concerned, the plaintiff has in open court here waived this claim.

With reference to the buildings thereon, the excavation being of the depth indicated merely, no right of the plaintiff is thereby invaded.   *Belden* v. *Franklin et al*, 8th C.C.(N.S.), 159.

The judgment of the court of common pleas is affirmed.